CHIEF JUSTICE WILLIAMS
delivered the opikion oe the court:
This was a motion to quash an execution, and the levy and sale of land under it.
Appellant having executed his note to decedent, Wm. Long, for one thousand three hundred and thirty-three dollars and thirty-three cents, due December 25, 1859, upon which he paid one hundred dollars January 14, 1860, the judgment was rendered March 14, 1861, upon which, said execution was issued. This judgment applies said credit to the extinguishment of that amount of the note; consequently, the judgment, as rendered, was only for the remainder, after deducting the payment. The first execution issued on it had the payment indorsed; this was directed to the jailer, because he had served the original process, and was by him levied upon personal property, which not being sold before the return day, a venditioni exponas was issued, directed to the sheriff, who returned that the property had been removed from the county before this writ came to his hands. After-wards an execution was issued to the sheriff, returnable the third Saturday in August, 1863, which the sheriff levied on three contiguous tracts of land, and sold in one body, which the plaintiff bought at one thousand six hundred and sixty-six dollars and ninety cents.
No indorsement of the one hundred dollars’ credit was made on this execution, but it was issued for the full amount of the note and the costs, and the price bid just about covered it. September 13, 1865, the sheriff made *576 a deed for the land, and so matters stood until this motion was made at March term, 1867, of the Fulton court of common pleas, when the court dismissed the motion and appellant seeks a reversal.
It is evident, on the statement of the facts, that the judgment did not authorize the last execution, for the judgment was not fo'r one thousand three hundred and thirty-three dollars and thirty-three cents, with interest from December 25, 1859, but for this sum less one hundred dollars paid the decedent, Long, January 14, 1860, only a few days after the note was due. Then this is not a question whether the officer had made a part of the execution of which the plaintiff might be ignorant when his second execution issued, and which was authorized by the judgment, as was the case in Walker and wife vs. McKnight (15 B. Mon., 477-8), but here the money was paid the decedent, indorsed on the note, and recognized by the judgment, and of which it is, legally, impossible the plaintiff should be ignorant. But in said case the officer having previously made a portion of the debt, which was overlooked by the clerk issuing the subsequent execution, and the plaintiff having purchased the land on the latter, in a suit in equity to set aside the sale the court said: “ There can be no doubt that it might have been quashed by the court that had the control of the execution and the right to regulate the proceedings thereon, if a motion for that purpose had been made in reasonable time;” and even under the peculiar circumstances of that case, the chancellor was required to compel a pro rata release of the title, to the amount for which the land was sold, not then due. But in this case the plaintiff took out an execution not authorized by the judgment, had it levied, and purchases the land under it, and a motion to quash was made before it was barred by any *577 known statutes. Can there be any doubt that, according to the principles recognized in the recited case and others, in and out of Kentucky, which might be referred to, the execution, levy, and sale should all be quashed ? As there is a vendor’s lien for this debt, the plaintiff in the execution may proceed in chancery to enforce it, or she maj take out another execution on the judgment, as the quashal of the execution, returns, and sale will leave it in full force.
There are several other minor questions which need not now be determined, because not essential to this case.
Wherefore, the judgment is reversed, with directions for further proceedings consistent herewith.